IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOMINIK CHAVIS ELLIS | * | |
| Petitioner | * | |
| v | * | Civil Action No . JFM-14-3368 |
| STATE OF MARYLAND, *et al.* | * | |
| Respondents | * | |
| | *** | |

# MEMORANDUM

Respondents assert in answer to the above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 that the petition is untimely filed and subject to dismissal. ECF 11. Petitioner has filed a reply. ECF 12 and 15. The court finds no need for an evidentiary hearing to resolve the matter. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

## Background

Petitioner Dominik Chavis Ellis ("Ellis") entered a guilty plea on February 5, 2009, to one count of attempted robbery. The Circuit Court for Baltimore County imposed a sentence of five years, all but 18 months suspended with three years of probation on the same date Ellis's plea was accepted. ECF 1 at p. 5; ECF 11 at Ex. 1. Although he was entitled to do so, Ellis did not file an application for leave to appeal[1] his guilty plea. ECF 1 at p. 6. For purposes of federal

---

[1] *See* Md. Code Ann., Cts. & Jud. Proc. §12-302(e) (appellate review of guilty plea is by way of application for leave to appeal).

habeas relief his conviction became final on March 9, 2009, the date the time for filing an application for leave to appeal expired.[2]

On February 27, 2012, Ellis was found guilty of violating the terms of his probation. The Circuit Court for Baltimore County sentenced Ellis to serve the suspended portion of his original sentence, 3 years and six months. ECF 11 at Ex. 1. Ellis did not file an application for leave to appeal the revocation of his probation. *Id.*

On March 27, 2013, Ellis filed a petition for post-conviction relief in the Circuit Court for Baltimore County. The court denied post-conviction relief on August 26, 2013, and Ellis's application for leave to appeal the denial of post-conviction relief was summarily denied by the Court of Special Appeals of Maryland on March 25, 2014. The mandate was issued by the appellate court on April 24, 2014. ECF 11 at Ex. 2.

On September 28, 2012, Ellis filed a motion to correct illegal sentence which was denied by the circuit court on October 18, 2012. ECF 11 at Ex. 1. Ellis filed a second motion to correct illegal sentence on June 21, 2013, which was denied on October 2, 2013. *Id.*

In his petition for writ of habeas corpus Ellis alleges that missing trial transcripts from his 2009 hearing prevented him from filing a meaningful appeal; he was denied the effective assistance of counsel when counsel failed to obtain witnesses or follow the correct leads Ellis gave him; and the guilty plea was involuntary. ECF 1 at pp. 5 – 6.

**Standard of Review**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d) which provides that:

---

[2] *See* Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment from which appeal is sought).

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir.2000). Because the instant petition was filed more than one year after judgment of conviction became final, this court required respondents to file a limited response addressing only the timeliness of the petition. ECF 2. In accordance with the decision in *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), Ellis was then afforded an opportunity to present argument as to why his petition should not be dismissed as untimely as asserted by respondents. ECF 13.

## Analysis

Ellis argues that his petition should not be dismissed as time-barred because the claims he asserts are meritorious and he filed the petition after he exhausted state remedies through post-

conviction proceedings and an appeal of the denial of relief. ECF 12 at p. 5. Ellis further states he filed for post-conviction relief in 2009 and was provided a hearing on November 23, 2009. *Id*. He claims the hearing was postponed, but he was never given another hearing date, nor did he receive any notice from the court regarding the disposition of his petition. *Id*. Ellis asserts his 2009 petition appears to have been lost the same way the transcripts of his guilty plea proceedings were lost. He cites *Holland v. Florida*, 130 S. Ct. 2549 (2010) as support for his assertion that his case presents extraordinary circumstances excusing the delay in filing his federal habeas petition. ECF 12 at p. 5.

    Ellis further argues in a supplemental reply that he did not learn of the federal time limitations for filing for federal habeas relief until October 25, 2014, because he had no access to a law library at the correctional facilities where he was held. ECF 15 at p. 1. He further argues that his federal habeas petition may be considered timely under 28 U.S.C. §2244(D)(2) which tolls the one-year limitation while a properly filed application for state post-conviction or other collateral review is pending. *Id*. at p. 2. Ellis states that he was advised by the attorney representing him on collateral review that he "had no other collateral procedure to fill (sic) other th[a]n [his] leave of appeal" following denial of his petition for post-conviction relief. *Id*. He claims it was only through his independent diligence that he discovered he could file a petition for federal habeas relief, but only if his state remedies had been exhausted. *Id*. Ellis adds that his petition for federal habeas relief is meritorious because his Fourth Amendment right to due process was violated when the trial transcripts of the original proceeding were lost. *Id*.

    The instant petition is deemed filed October 25, 2014, the date of Ellis's signature. The filing deadline for a federal habeas petition expired on March 9, 2010, and was not tolled by any properly filed application for post-conviction or other collateral review as nothing was filed

between March 9, 2009 and March 9, 2010.  Ellis's subsequently filed post-conviction petition had no tolling effect on the federal habeas deadline.

Ellis's claim that he was unaware of the filing deadline and that counsel for his post-conviction proceedings did not inform him of the deadline[3] are insufficient grounds for an equitable tolling of the filing deadline.  "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."  *Harris*, 209 F.3d at 331.  Ellis has failed to assert the sort of extraordinary circumstances warranting equitable tolling of the limitations period.  *See Holland*, 30 S. Ct. at 2555 (petitioner's numerous letters of inquiry to attorney coupled with attorney's failure to keep Petitioner informed, sufficient for equitable tolling).  The petition must therefore be dismissed as untimely.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' "  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  Ellis has failed to demonstrate that a certificate of appealability is warranted in this case.

A separate order dismissing the petition for writ of habeas corpus as untimely and denying a certificate of appealability follows.

__May 5, 2015_____   ____/s/_____
Date                                     J. Frederick Motz
                                         United States District Judge

---

[3] The court notes that post-conviction counsel was not involved in Ellis's case until well after the federal habeas deadline had expired and, in that sense, counsel was correct in advising Ellis he had no other collateral review remedies available to him.